UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ANDREW QUASNEY,

        Plaintiff,

v.                                      CASE NO. 2:06-cv-12257
                                       HONORABLE LAWRENCE P. ZATKOFF

DENISE LANGFORD-MORRIS,
RUTH JOHNSON, and GENE SCHNELZ,

        Defendants.
_____/

**ORDER DISMISSING COMPLAINT AND DENYING
PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING**

**I. Introduction**

      Plaintiff John Andrew Quasney, a state prisoner at Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint for money damages under 42 U.S.C. § 1983. Also pending before the Court is Plaintiff's motion for an evidentiary hearing.

      Defendants are Denise Langford-Morris and Gene Schnelz, who are state circuit court judges in Oakland County, Michigan, and Ruth Johnson, who is the Clerk for Oakland County Circuit Court. Plaintiff sues Judges Langford-Morris and Schnelz in their official capacities and Johnson in her individual and official capacities.

      The complaint and exhibits allege the following. On January 31, 2000, Plaintiff pleaded guilty to two counts of armed robbery, and on January 31, 2000, Judge Langford-Morris sentenced Plaintiff to concurrent terms of seven to twenty years in prison on each count. On November 27, 2001, Judge Langford-Morris dismissed one count of armed robbery and converted the count to assault with intent to rob. However, she did not re-sentence Plaintiff.

Plaintiff subsequently filed a complaint for the writ of mandamus against Judge Langford-Morris. Judge Schnelz dismissed the action on October 24, 2005, because it sought an improper remedy against a judge and because the claims lacked merit. Plaintiff was unaware of Judge Schnelz' ruling, and on March 23, 2006, he filed a motion to compel a ruling on his mandamus complaint. Judge Schnelz' chambers then wrote to Plaintiff and explained that Judge Schnelz dismissed the mandamus complaint on October 24, 2005. Enclosed with the letter was a copy of Judge Schnelz' opinion and order dismissing the mandamus complaint.

Plaintiff claims that Judge Langford-Morris violated his right to due process and usurped the exclusive authority of the prosecutor when she amended the charge and declined to either re-sentence him or re-visit the waiver of constitutional rights. Plaintiff further alleges that the defendants interfered with his right of access to the courts, retaliated against him for redress of grievances, and violated the constitutional prohibition against cruel and unusual punishment.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

### A. *Heck v. Humphrey*

The attack on Judge Langford-Morris's amendment of the criminal charge and her failure to re-sentence Plaintiff fails to state a claim, because the allegation of impropriety is an indirect attack on Plaintiff's sentence. A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). A plaintiff generally has no cause of action under § 1983 for allegedly unconstitutional imprisonment unless the decision to hold him in custody is invalidated by state officials or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Success in this action would undermine Plaintiff's sentence and present incarceration.

### B. The Retaliation Claim

The retaliation claim likewise is frivolous. To establish a claim of retaliation for exercising constitutional rights, Plaintiff must prove that (1) he engaged in constitutionally protected conduct, (2) adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct was taken, and (3) the adverse action was motivated at least in part by protected conduct. *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (citing

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)), *cert. denied*, __ U.S. __, 126 S. Ct. 1911 (2006).  Prisoners possess a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), but Plaintiff has failed to show that the defendants retaliated against him for exercising his right of access to the courts or any other right.

### C.  The Eighth Amendment Claim

Plaintiff implies that the defendants were deliberately indifferent to his right to humane treatment under the Eighth Amendment to the United States Constitution.  The Eighth Amendment proscribes the infliction of "cruel and unusual punishments."  U.S. CONST. amend. VIII.

> In the context of prison conditions, the Cruel and Unusual Punishment Clause forbids conditions that involve the 'wanton and unnecessary infliction of pain,' or are 'grossly disproportionate to the severity of the crime. . .' *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  To succeed in an Eighth Amendment challenge, Plaintiff must establish that (1) a single, identifiable necessity of civilized human existence is being denied (objective prong) and (2) the defendant prison official acted with a sufficiently culpable state of mind.  *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

*Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).  Plaintiff has not established that the defendants deprived him of a necessity of human existence or that they had a culpable state of mind.  The initial failure to notify Plaintiff of Judge Schnelz' ruling appears to be nothing more than negligence, and negligence fails to state a claim under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  And although Plaintiff complains that the state court docket does not reflect Judge Schnelz' ruling of October 24, 2005, it is possible that the opinion and order was entered on the docket on a date other than the date it was signed.  To the extent that Plaintiff may be claiming that his sentence was cruel and unusual punishment, his claim is barred by *Heck*.

### D.  Judicial Immunity

Defendants Langford-Morris and Schnelz enjoy immunity from damages liability for actions taken in their judicial capacity in matters over which they had jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991).  Plaintiff asserts that Judges Langford-Morris and Schnelz are not immune from damages because they acted in the absence of all jurisdiction.  However, as state circuit court judges, Judge Langford-Morris had exclusive jurisdiction over Plaintiff's felony case, *People v. Murphy*, 203 Mich. App. 738, 749; 513 N.W.2d 451, 456 (1994), and Judge Schnelz had jurisdiction to adjudicate Plaintiff's mandamus complaint.  *See* Mich. Ct. R. 3.305(A).

### E.  *Respondeat Superior*

There is no indication that defendant Ruth Johnson was personally involved in the incidents about which Plaintiff complains.  Even assuming that one of her subordinates neglected to mail Judge Schnelz' order to Plaintiff or neglected to enter the opinion on the docket in a timely manner, "[r]*espondeat superior* or vicarious liability will not attach under § 1983." *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694-95 (1978)).

### III.  Conclusion

Plaintiff's claims lack an arguable basis in law for all the reasons given above. Therefore, the complaint [Doc. #1, May 18, 2006] is DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Plaintiff's motion for an evidentiary hearing [Doc. #4, June 21, 2006] is DENIED as moot.  Finally, an appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3);

*Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: July 10, 2006

## CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 10, 2006.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290